EMMA ALPER, Plaintiff, *v.* HARRIS 20/20 PLAN FOR BETTER VISION, INC., et al., Defendants.

HARRIS 20/20 PLAN FOR BETTER VISION, INC., et al., Third-Party Plaintiffs, *v.* SUN INDEMNITY COMPANY OF NEW YORK, Third-Party Defendant.

Supreme Court, Special Term, Kings County, July 28, 1955.

*Danson & Hut* for third-party plaintiffs.

*Richard Formidoni* for third-party defendant.

BAKER, J.  In the course of its investigation of an accident conducted for the purpose of ascertaining the facts constituting the basis of a claim against its assured (third-party plaintiffs), the insurer (third-party defendant), through an investigator in its employ, obtained from certain officers and employees of the assured written statements relating to said accident.  These statements, allegedly, indicate that the assured violated the terms of the contract of insurance by failing to give timely notice of the accident as required by the contract.  Upon this ground the insurer disclaimed and the assured proceeded to defend the action which was thereafter settled.

In this action brought by the assured to recover the sums paid by them in settlement and the expenses incurred in defense of the suit, the assured moves for discovery and inspection of the statements given by their employees and officers to the insurer.

Concededly, the investigation made by the insurer in connection with the accident was the usual routine inquiry for the purpose of ascertaining the facts and of preparing to defend the claim asserted against its assured.  The statements were sought and were given to aid in the defense of the pending action. There was no purpose on the part of the assured to furnish and on the part of the insurer to secure information to be used in support of a disclaimer by the latter under the terms of the policy.  No such intent was suspected on the one hand or suggested on the other at the time the investigation was made.  There existed between these parties a confidential relationship akin to that of attorney and client.  This fact lends credence to the claim of the assured's employees to the effect that they did not read carefully the statements written out and presented for their signatures by the insurer's representative, that no copies were retained by them, and, since the statements were given more than five years ago, they now have no recollection of their contents.

Less compelling circumstances have moved the courts to permit discovery and inspection in situations where the relief has been sought by a party who has given a written statement to a representative of the *adverse* party.  (*Johnson* v. *Valentino,* 277 App. Div. 1133; *Scheh* v. *Aylward,* 268 App. Div. 1057.)  We are concerned here with a transaction in which the parties have given *their own* representatives' statements which were sought

and obtained for a stated purpose, namely, the defense of a claim. To deny the relief sought would be to disregard considerations of public policy which require encouragement of full disclosure by an assured to his insurer. Motion granted. Settle order on notice.